Michael E. Farnell, OSB #922996
E-Mail: mfarnell@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, OR 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN MEDICAL RESPONSE NORTHWEST, INC., and AMERICAN MEDICAL RESPONSE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT** <br><br> **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

This is an action for declaratory judgment and breach of contract against National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and ACE American Insurance Company ("ACE") for wrongfully denying Plaintiffs American Medical Response Northwest, Inc. and American Medical Response, Inc. ("the AMR Entities") coverage under excess commercial umbrella liability policies for claims of bodily injury allegedly caused by the unauthorized actions of an employee.

## II. PARTIES

1.      Plaintiff American Medical Response Northwest, Inc. ("AMR Northwest") is incorporated under the laws of the State of Oregon and has its principal place of business in Portland, Oregon. AMR Northwest provides local passenger transportation, specializing in ambulance services.

2.      Plaintiff American Medical Response, Inc. ("AMR") is incorporated under the laws of the State of Delaware and has its principal place of business in Greenwood Village, Colorado. AMR provides passenger transportation, specializing in ambulance services.

3.      Defendant ACE is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania. ACE is in the business of providing insurance, including liability insurance, to companies and individuals

4.      Defendant National Union is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in New York City, New York. National Union is in the business of providing insurance, including liability insurance, to companies and individuals.

## III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      This Court has jurisdiction over National Union and ACE because they regularly transact substantial business in Oregon. *See* Or. R. Civ. P. 4(A)(4); 4(L). This Court also has

jurisdiction over National Union and ACE because AMR Northwest was located within this state when National Union and ACE refused to provide coverage. *See* Or. R. Civ. P. 4(I)(2).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to the claim occurred in this district and because National Union and ACE are subject to personal jurisdiction in this district.

## IV. THE POLICIES

### A. The ACE Commercial Umbrella Liability Policy:

8. In return for substantial premiums, ACE issued "Commercial Umbrella Liability Policy" No. G23573489 ("ACE Umbrella Policy") to American Medical Response to cover the period from February 2, 2006 to March 31, 2007. A commercial umbrella policy is a form of comprehensive general liability policy that provides coverage in excess of a primary general liability policy. A true and correct copy of the ACE Umbrella Policy is attached as Exhibit A.

9. The AMR Entities are Insureds and/or Named Insureds under the ACE Umbrella Policy.

10. The ACE Umbrella Policy provides for $25 million in coverage per occurrence that is excess to a primary commercial general liability policy issued by ACE to Emergency Medical Services Corporation ("the 2006 GL Policy"). The 2006 GL Policy provides coverage to Emergency Medical Services Corporation and its subsidiaries and related entities, including AMR and AMR Northwest. The Schedule of Underlying Insurance in the ACE Umbrella Policy states that the underlying 2006 GL Policy has a $1,750,000 per occurrence limit of liability that operates in excess of a $250,000 self-insured retention.

11. The ACE Umbrella Policy provides coverage for liability that the AMR Entities (and other entities defined as Insureds or Named Insureds) incur as a result of bodily injury that

the entities or their employees cause (or allegedly cause) to third parties. In relevant part, the ACE Umbrella Policy states:

> "WE will pay on behalf of the INSURED those sums that the INSURED becomes legally obligated to pay as damages because of Bodily Injury . . . .
>
> WE shall be liable only for that portion of the ULTIMATE NET LOSS in excess of:
>
> 1. The applicable limits of the UNDERLYING INSURANCE . . . ."

12. The ACE Umbrella Policy extends coverage to bodily injury that is "caused by an OCCURRENCE" and "occurs during the POLICY PERIOD . . . ." An OCCURRENCE is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**B.    The National Union Policy:**

13. In return for substantial premiums, National Union issued "Commercial Umbrella Liability Policy" No. 9834822 ("National Union Umbrella Policy") to Emergency Medical Services Corporation to cover the period from March 31, 2007 to March 31, 2008. A true and correct copy of the National Union Umbrella Policy is attached as Exhibit B.

14. The AMR Entities are Insureds and/or Named Insureds under the National Union Umbrella Policy.

15. The National Union Umbrella Policy provides for $25 million in coverage per occurrence that is excess to a primary commercial general liability policy issued by ACE American Insurance Company ("the 2007 GL Policy"). The 2007 GL Policy provides coverage to Emergency Medical Services Corporation and its subsidiaries and related entities, including AMR and AMR Northwest. The Schedule of Underlying Insurance in the National Union

Umbrella Policy states that the underlying 2007 GL Policy has a $1,750,000 per occurrence limit of liability that operates in excess of a $250,000 self-insured retention.

16. The National Union Umbrella Policy provides coverage for liability that the AMR Entities (and other entities defined as Insureds or Named Insureds) incur as a result of bodily injury that the entities or their employees cause (or allegedly cause) to third parties. In relevant part, the National Union Umbrella Policy states:

> "We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury . . . ."

17. For occurrences covered under the National Union Umbrella Policy, the Retained Limit is defined as "the total applicable limits" of the underlying 2007 GL Policy.

18. The National Union Umbrella Policy extends coverage to bodily injury that is "caused by an Occurrence" and "occurs during the Policy Period . . . ." An Occurrence is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one Occurrence."

19. Under the National Union Umbrella Policy, National Union also has a duty to defend a claim or lawsuit once "the total applicable limits of" the 2007 GL Policy have been exhausted by the payment of judgment or settlements and to make supplementary payments in conjunction with that defense.

### V. **THE LANNIE HASZARD LAWSUITS**

20. Six lawsuits have been filed against the AMR Entities seeking damages for bodily injury allegedly caused by a former AMR Northwest employee, Lannie Haszard, who allegedly

PAGE 5 - COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT

PII-1204126v1

sexually abused the passengers while they were being transported in ambulances operated by AMR Northwest as part on an ongoing course of misconduct.

### A. The 2006 Incidents:

21. Four of the lawsuits have alleged bodily injuries arising from incidents that occurred in 2006 and early 2007. On or about February 11, 2009, a complaint was filed in the Circuit Court for Multnomah County, Oregon, in *Charles Howard, as Personal Representative of the Estate of Thelma Lee Howard, v. American Medical Response Northwest, Inc., et al.*, Case No. 0810-15317. The complaint alleges that on or about June 11, 2006, Lannie Haszard inappropriately touched Ms. Howard while she was a passenger in an ambulance operated by AMR Northwest. The complaint brings claims against the AMR Entities for, *inter alia*, vicarious liability for battery, direct liability for negligent supervision and retention, and liability for elder abuse.

22. On or about September 16, a complaint was filed in the Circuit Court for Multnomah County, Oregon, in *Nancy Robbins v. American Medical Response Northwest, Inc., et al.*, Case No. 0809-13217. The complaint alleges that on or about September 17, 2006, Lannie Haszard inappropriately touched Ms. Robbins while she was a passenger in an ambulance operated by AMR Northwest. The complaint brings claims against the AMR Entities for, *inter alia*, vicarious liability for battery, direct liability for negligent supervision and retention, and liability for vulnerable person abuse.

23. On or about January 10, 2008, a complaint was filed in the Circuit Court for Multnomah County, Oregon, in *Betty Rotting v. American Medical Response Northwest, Inc., et al.*, Case No. 0801-00575. The complaint alleges that on or about December 12, 2006, Lannie Haszard inappropriately touched Ms. Rotting while she was a passenger in an ambulance

operated by AMR Northwest. The complaint brings claims against the AMR Entities for, *inter alia*, vicarious liability for battery and liability for vulnerable person abuse.

24. On or about October 23, 2008, a complaint was filed in the Circuit Court for Multnomah County, Oregon, in *Paula Pries v. American Medical Response Northwest, Inc., et al.*, Case No. 0902-02281. The complaint alleges that on or about March 4, 2007, Lannie Haszard inappropriately touched Ms. Pries while she was a passenger in an ambulance operated by AMR Northwest. The complaint brings claims against the AMR Entities for, *inter alia*, vicarious liability for battery, direct liability for negligent supervision and retention, and liability for vulnerable person abuse.

25. The *Howard*, *Robbins*, *Rotting*, and *Pries* claims have been tendered to ACE.

26. Upon information and belief, the resolution of *Howard*, *Robbins*, *Rotting*, and *Pries* will exceed the limits in the 2006 GL Policy. The AMR Entities have informed ACE of their belief that resolution of these claims will trigger ACE's obligations under the ACE Umbrella Policy and have requested that ACE participate in efforts at resolution. ACE has unreasonably refused to admit or deny coverage under the ACE Umbrella Policy or to participate in the settlement discussions.

27. The judgments or settlements in the *Howard*, *Robbins*, *Rotting*, and *Pries* claims will likely exhaust the 2006 GL Policy limits and ACE is required to indemnify the AMR Entities for all amounts in excess of the 2006 GL Policy limits.

28. The ACE Umbrella Policy provides coverage for the claims asserted by the *Howard*, *Robbins*, *Rotting*, and *Pries* plaintiffs and does not exclude such claims from coverage.

29. In addition, the AMR Entities believe that additional claims may be asserted against them involving misconduct by Lannie Haszard. Upon information and belief, ACE

intends to similarly unreasonably refuse to admit or deny coverage under the ACE Umbrella Policy for those claims.

30. The AMR Entities have satisfied all conditions precedent to coverage under the ACE Umbrella Policy.

**B.     The 2007 Incidents:**

31. Two of the lawsuits have alleged bodily injuries arising from incidents that occurred in late 2007. On or about January 3, 2008, a complaint was filed in the Circuit Court for Multnomah County, Oregon, in *Royshekka Herring v. American Medical Response Northwest, Inc., et al.*, Case No. 0712-14914. The plaintiff, Royshekka Herring, alleged that on or about December 8, 2007, Lannie Haszard sexually abused her while she was a passenger in an ambulance operated by AMR Northwest. On September 9, 2009, the jury entered a verdict against the AMR Entities, finding them liable for negligent supervision and retention of Lannie Haszard, and finding AMR Northwest separately liable for violation of Oregon's vulnerable person statute. On September 29, 2009, a judgment was entered against AMR and AMR Northwest, jointly and severally, for $1,750,000 on the negligent retention and supervision claims. A judgment was entered against AMR Northwest for $1,500,000 on the vulnerable person abuse claim. The *Herring* case is currently on appeal.

32. On August 17, 2009, a complaint was filed in the Circuit Court for Multnomah County, Oregon, in *Carolyn Hines v. American Medical Response Northwest, Inc. and American Medical Response, Inc.*, Case No. 0908-11520. The complaint alleges that on November 21, 2007, Lannie Haszard inappropriately touched Ms. Hines while she was a passenger in an ambulance operated by AMR Northwest. The complaint brings claims against the AMR Entities

for, *inter alia*, vicarious liability for battery, direct liability for negligent supervision and retention, and liability for violation of Oregon's vulnerable person statute.

33. The *Herring* and *Hines* claims have been tendered to ACE and National Union.

34. On or about September 11, 2009, National Union sent Emergency Medical Services Corporation a letter asserting its view that there is no coverage for the AMR Entities under the National Union Umbrella Policy for the *Hines* claim for a myriad of reasons, including several inapplicable coverage exclusions.

35. The *Herring* judgment, if affirmed on appeal, will exhaust the 2007 GL Policy limits and National Union is required to indemnify the AMR Entities for all amounts related to the *Herring* claim in excess of the 2007 GL Policy limits and for all payments and costs related to the *Hines* claim, including defense costs and expenses.

36. The National Union Umbrella Policy provides coverage for the claims asserted by Ms. Herring and Ms. Hines and does not exclude such claims from coverage.

37. Upon information and belief, National Union intends to assert similar exclusions and coverage denials for the *Herring* claim. The AMR Entities similarly disagree with those assertions for the reasons cited above.

38. In addition, the AMR Entities believe that additional claims may be asserted against them involving misconduct by Lannie Haszard. Upon information and belief, National Union intends to assert similar exclusions and limits to coverage for all such claims.

39. The AMR Entities have satisfied all conditions needed for coverage under the National Union Umbrella Policy.

/ / /

## VI. CLAIMS FOR RELIEF

### COUNT 1 – DECLARATORY JUDGMENT AGAINST ACE

40. Plaintiffs expressly incorporate by reference Paragraphs 1-39 as if fully set forth herein.

41. ACE's wrongful refusal to provide coverage has created uncertainty regarding the respective rights and duties of the AMR Entities and ACE under the ACE Umbrella Policy. Accordingly, an actual and justiciable controversy exists between the parties with respect to coverage for bodily injury under the ACE Umbrella Policy. It is critical that these issues be resolved before additional claims are asserted against the AMR entities involving Lannie Haszard or additional defense costs and expenses are incurred.

42. ACE is obligated under the ACE Umbrella Policy to indemnify the AMR Entities for all sums that they have paid or may become legally obligated to pay in connection with the *Howard*, *Robbins*, *Rotting*, and *Pries* claims that are in excess of the 2006 GL Policy limits.

43. ACE wrongfully has refused and will continue to refuse to indemnify the AMR Entities against the *Howard*, *Robbins*, *Rotting*, and *Pries* claims.

44. Pursuant to 28 U.S.C. § 2201, the AMR Entities request that the Court enter a declaratory judgment construing the rights and duties of the AMR Entities and ACE under the ACE Umbrella Policy. In particular, the AMR Entities seek a declaration that ACE owes a duty to the AMR Entities under the ACE Umbrella Policy to indemnify them for any liability from the *Howard*, *Robbins*, *Rotting*, and *Pries* claims that is in excess of the 2006 GL Policy limits.

45. The AMR Entities are entitled to recover their attorney fees incurred herein pursuant to Or. Rev. Stat. § 742.061.

## COUNT 2 – DECLARATORY JUDGMENT AGAINST NATIONAL UNION

46. Plaintiffs expressly incorporate by reference Paragraphs 1-45 as if fully set forth herein.

47. National Union's wrongful refusal to provide coverage has created uncertainty regarding the respective rights and duties of the AMR Entities and National Union under the National Union Umbrella Policy. Accordingly, an actual and justiciable controversy exists between the parties with respect to coverage for bodily injury under the National Union Umbrella Policy. It is critical that these issues be resolved before additional claims are asserted against the AMR entities involving Lannie Haszard or additional defense costs and expenses are incurred.

48. National Union is obligated under the National Union Umbrella Policy to indemnify the AMR Entities for all sums that they have paid or may become legally obligated to pay in connection with the *Hines* and *Herring* claims that are in excess of the 2007 GL Policy limits, including defense costs and expenses for the *Hines* claim.

49. National Union wrongfully has refused and will continue to refuse to indemnify the AMR Entities against the *Hines* and *Herring* claims.

50. Pursuant to 28 U.S.C. § 2201, the AMR Entities request that the Court enter a declaratory judgment construing the rights and duties of the AMR Entities and National Union under the National Umbrella Policy. In particular, the AMR Entities seek a declaration that National Union owes a duty to the AMR Entities under the National Union Umbrella Policy to indemnify them for any liability from the *Hines* and *Herring* claims that is in excess of the 2007 GL Policy limits, including defense costs and expenses for the *Hines* claim.

51. The AMR Entities are entitled to recover their attorney fees incurred herein pursuant to Or. Rev. Stat. § 742.061.

## COUNT III – BREACH OF CONTRACT AGAINST ACE

52. Plaintiffs expressly incorporate by reference Paragraphs 1-51 as if fully set forth herein.

53. The AMR Entities have performed all the terms and conditions required to be performed by them under the ACE Umbrella Policy.

54. ACE is obligated under the ACE Umbrella Policy to indemnify the AMR Entities for all sums which they become legally obligated to pay as damages in connection with claims of bodily injury that are in excess of the 2006 ACE GL Policy limits.

55. ACE has wrongfully refused and will continue to refuse to fulfill its duties to indemnify the AMR Entities for all sums that they have paid or may become legally obligated to pay in connection with the *Howard, Robbins, Rotting,* and *Pries* claims that are in excess of the 2006 GL Policy limits, including defense costs once the aggregate limits of the 2006 GL Policy are exhausted.

56. ACE's coverage positions have no reasonable basis under the ACE Umbrella Policy and the relevant law. Accordingly, they constitute anticipatory and actual breaches of contract by ACE.

57. ACE's material breach of its contractual duties to the AMR Entities has caused and will continue to cause damages to the AMR Entities because those actions materially affect the AMR Entities' ability to resolve the *Howard, Robbins, Rotting,* and *Pries* lawsuits and other related lawsuits and have directly and proximately caused damages to the AMR Entities for lost insurance coverage.

58. The AMR Entities are entitled to recover their attorney fees incurred herein pursuant to Or. Rev. Stat. § 742.061.

### COUNT IV – BREACH OF CONTRACT AGAINST NATIONAL UNION

59. Plaintiffs expressly incorporate by reference Paragraphs 1-58 as if fully set forth herein.

60. The AMR Entities have performed all the terms and conditions required to be performed by them under the National Union Umbrella Policy.

61. National Union is obligated under the National Union Umbrella Policy to indemnify the AMR Entities for all sums which they become legally obligated to pay as damages in connection with claims of bodily injury that are in excess of the 2007 GL Policy limits, including defense costs and expenses.

62. National Union has wrongfully refused and will continue to refuse to fulfill its duties to indemnify the AMR Entities for all sums which they become legally obligated to pay as damages in connection with the *Hines* and *Herring* claims that are in excess of the 2007 GL Policy limits, including defense costs and expenses for the Hines claim.

63. National Union's coverage positions have no reasonable basis under the National Union Umbrella Policy and the relevant law. Accordingly, they constitute anticipatory and actual breaches of contract by National Union.

64. National Union's material breach of its contractual duties to the AMR Entities has caused and will continue to cause damages to the AMR Entities because those actions materially affect the AMR Entities' ability to resolve the *Hines* and *Herring* lawsuits and other related lawsuits and have directly and proximately caused damages to the AMR Entities for lost insurance coverage.

65. The AMR Entities are entitled to recover their attorney fees incurred herein pursuant to Or. Rev. Stat. § 742.061.

**WHEREFORE**, Plaintiffs AMR and AMR Northwest pray for relief against Defendants ACE and National Union as follows:

A. For damages against ACE and National Union in an amount to be proved at trial;

B. For a declaration that ACE owes a duty to indemnify the AMR Entities for all sums that they have paid or may become legally obligated to pay in connection with the *Howard*, *Robbins*, *Rotting*, and *Pries* claims that are in excess of the 2006 GL Policy limits;

C. For a declaration that National Union owes a duty to indemnify the AMR Entities for all sums that they have paid or become legally obligated to pay in connection with the *Hines* and *Herring* claims under the Commercial Umbrella policy that are in excess of the 2007 GL Policy limits, including all defense costs and expenses for the *Hines* claim;

D. For all attorney's fees, pursuant to Or. Rev. Stat. § 742.061; and costs, and interest; and

///

E.  For whatever other relief the court deems just and proper.

DATED this 8th day of October, 2009.

Respectfully submitted,

**PARSONS FARNELL & GREIN, LLP**

By _____
Michael E. Farnell, OSB #922996
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
E-mail: mfarnell@pfglaw.com

**JONES DAY**

**Michael H. Ginsberg**
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412-391-3939
Facsimile: 412-394-7959
E-mail: mhginsberg@JonesDay.com

Attorneys for Plaintiffs