IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AMERICAN MEDICAL RESPONSE NORTHWEST, INC.; ET AL., | ) ) ) | Civil No. 09-1196-JO |
| Plaintiffs, | ) ) | |
| v. | ) ) | <u>OPINION AND ORDER</u> |
| ACE AMERICAN INSURANCE COMPANY; ET AL., | ) ) ) | |
| Defendants. | ) | |

Michael E. Farnell
PARSONS FARNELL & GREIN, LLP
1030 S.W. Morrison
Portland, OR  97205

Michael H. Ginsberg
Paul J. Jalsevac
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219

 Attorneys for Plaintiffs

Robert A. Meyers
Thomas M. Jones
William F. Knowles
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, WA  98101-3071

Jenny M. Churas
Stephen G. Skinner
JOHNSON ANDREWS & SKINNER PS
200 W. Thomas Street, Suite 500
Seattle, WA  98119

Lee S. Aronson
SCHULTE ANDERSON DOWNES ARONSON BITTNER, PC
811 S.W. Naito Parkway, Suite 500
Portland, OR  97204-3379

   Attorneys for Defendants

JONES, Judge:

This insurance coverage dispute is before the court on defendant Ace American Insurance

Company's motion (# 46) to transfer venue to the United States District Court for the District of

Colorado, pursuant to 28 U.S.C. § 1404(a).  Defendant National Union Fire Insurance Company

of Pittsburgh, PA, joins in the motion (# 50).

I have determined that oral argument is unnecessary and strike the June 17, 2010, hearing.

For the reasons stated below, the motion to transfer is denied.

## FACTUAL BACKGROUND

The thirteen (and perhaps fourteen) actions that underlie this insurance coverage dispute

were filed in Multnomah County Circuit Court by or on behalf of female plaintiffs for injuries

caused by the alleged sexual assaults of a former employee of plaintiff American Medical

Response Northwest ("AMR Northwest"), during transport in AMR Northwest ambulances in

2 - OPINION AND ORDER

Oregon.  Five of the actions have settled; one proceeded to trial, yielding a hefty verdict,[1] and presently is on appeal; the rest remain pending in Multnomah County Circuit Court.

Defendants ask this court to transfer venue to the district of Colorado, representing that:

1.    Emergency Medical Services Corporation ("EMSC"), the owner of plaintiffs American Medical Response, Inc. ("AMR"), and AMR Northwest, is domiciled in Colorado, as is AMR;

2.    The Ace and National Union insurance policies at issue list EMSC's and AMR's Colorado addresses;

3.    A Colorado broker secured the insurance policies on behalf of EMSC and AMR;

4.    ACE and National Union conduct business in Colorado, and the policies were issued pursuant to Colorado regulatory and statutory authority;

5.    Plaintiff AMR Northwest, which is located in Oregon, had no part in the formation of the policies;

6.    Material documents and witnesses related to the formation and construction of the insurance policies are located in Colorado;

7.    Plaintiffs have listed only one Oregon witness in their initial disclosures, and witnesses and evidence concerning the underlying actions are, in defendants' view, irrelevant to the coverage determination; and

8.    According to defendants, Colorado law will govern interpretation of the policies. Plaintiffs, in turn, represent that:

---

[1]    $1.5 million against AMR Northwest; $1.75 million against both AMR Northwest and American Medical Response, Inc.

3 - OPINION AND ORDER

1.      The policies at issue cover multiple categories of risks in many locations, including Oregon.  The underlying General Liability Policies include endorsements incorporating specific Oregon statutory requirements;

2.      According to plaintiffs, because of the endorsements, Oregon law will govern interpretation of the policies;

3.      Defendants' decisions concerning coverage and their actions denying coverage took place in disparate locations outside of Colorado, including New York, California, and Pennsylvania;

4.      Material events relating to the formation and negotiation of the policies took place in states other than Colorado, specifically, California;

5.      Numerous AMR Northwest employees and officials are likely to be witnesses in this case for both plaintiffs and defendants; and

6.      Defense counsel is located in Seattle, Washington.

## DISCUSSION

28 U.S.C. §1404(a) permits the court, "[f]or the convenience of parties and witnesses, in the interest of justice" to transfer a civil action to "any other district or division where it might have been brought." Ventress v. Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007).  The decision whether to transfer venue lies in the court's discretion. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

The party seeking transfer must make a "strong showing of inconvenience" to justify overriding the plaintiff's choice of forum. Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986).  In determining whether transfer is appropriate, the court "must balance

the preference accorded plaintiff's choice of forum with the burden of litigating in an

inconvenient forum." Decker, 805 F.2d at 843. If the transfer would merely shift the

inconvenience from the defendant to the plaintiff rather than eliminate it, transfer is not

appropriate. See Decker, 805 F.2d at 843.

The Decker court outlined several private and public interest factors relevant to this

determination:

> Private factors include the relative ease of access to sources of proof; availability
> of compulsory process for attendance of unwilling, and the cost of obtaining
> attendance of willing, witnesses; possibility of view of premises, if view would be
> appropriate to the action; and all other practical problems that make trial of a case
> easy, expeditious and inexpensive. * * * Public factors include the administrative
> difficulties flowing from court congestion; the local interest in having localized
> controversies decided at home; the interest in having the trial of a diversity case in
> a forum that is at home with the law that must govern the action; the avoidance of
> unnecessary problems in conflict of laws * * * and the unfairness of burdening
> citizens in an unrelated forum with jury duty.

Decker, 805 F.2d at 843 (citations and internal quotations omitted) see also Gemini Capital

Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1093-94 (9th Cir. 1998).

I have considered the parties' arguments for and against transfer and the above factors,

and am not persuaded that justice and convenience favor disruption of plaintiffs' choice of

Oregon as the forum. In particular, I am not convinced that defendants are correct that Oregon

witnesses and evidence are irrelevant to the issues in this case, nor am I persuaded that Colorado

law will govern all of the substantive issues. Indeed, whether a conflict of laws exists, and

whether Oregon or Colorado law will govern interpretation of the insurance policies are issues I

decline to address in the context of the present motion. Further, defendants have failed to make

the necessary "strong" showing that litigation in Oregon is inconvenient to them, and have failed

5 - OPINION AND ORDER

to show that transfer to Colorado would accomplish anything more than inconveniencing plaintiffs.  I also note that defendants must believe this litigation is far enough along in investigation and discovery that summary judgment proceedings here in Oregon are now appropriate, as evidenced by their recent filings.[2]  Consequently, in my discretion I will retain venue in Oregon.

CONCLUSION

Defendants' motion (# 46 and joinder # 50) to transfer is DENIED.

DATED this 14th day of May, 2010.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

---

[2]     Defendant National Union filed a motion for summary judgment on April 26, 2010; defendant Ace moved to join that motion, at least in part, on May 10, 2010.

6 - OPINION AND ORDER