FILED'10 AUG 09 15:39 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AMERICAN MEDICAL RESPONSE NORTHWEST, INC.; ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 09-1196-JO |
| v. | ) ) | O R D E R |
| ACE AMERICAN INSURANCE COMPANY; ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

Michael E. Farnell
PARSONS FARNELL & GREIN, LLP
1030 S.W. Morrison
Portland, OR 97205

Michael H. Ginsberg
Paul J. Jalsevac
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219

Attorneys for Plaintiffs

Robert A. Meyers
Thomas M. Jones
William F. Knowles
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, WA 98101

Jenny M. Churas
Stephen G. Skinner
JOHNSON ANDREWS & SKINNER, PS
200 W. Thomas Street, Suite 500
Seattle, WA 98119

Lee S. Aronson
SCHULTE ANDERSON DOWNES ARONSON BITTNER, PC
811 S.W. Naito Parkway, Suite 500
Portland, OR 97204-3379

    Attorneys for Defendants

JONES, Judge:

    At present in this litigation the following motions are pending:

    Dkt. # 55:       National Union's Motion for Protective Order

    Dkt. # 56:       National Union's Motion for Summary Judgement[1]

    Dkt. # 68:       National Union's Motion for Protective Order re:  Depositions

    Dkt. # 79:       Plaintiffs' Motion to Continue or Preclude Summary Judgment

    Dkt. # 104:     Plaintiffs' Motion to Strike Ace American's Partial Joinder

    Dkt. # 110:     Ace American's Motion for Summary Judgment

    On June 29, 2010, I held a conference in an attempt to have the parties resolve their

discovery disputes and move the litigation along.  As a result of that conference, I ordered

---

[1]    Ace American Insurance has withdrawn its Motion for Partial Joinder (# 61) in
National Union's motion.  See dkt. # 108.

2 - ORDER

National Union to provide to the court a written description of what discovery had been produced and what discovery National Union was willing to produce. I also gave plaintiffs an opportunity to describe what other discovery they require.

As plaintiffs observe in their letter dated July 26, 2010, National Union responded to my order by merely restating the arguments it made in the two motions for protective order. Plaintiffs, on the other hand, narrowed the scope of their requests in an evident attempt to cooperate.

I have considered National Union's response, plaintiffs' comments in their response and their letter, as well as the pending motions as a whole, and am determined to move this case forward. Summary judgment, as plaintiffs observe, is premature. Consequently, the pending summary judgment motions (## 56 and 110) are deferred until completion of discovery.

Because both National Union and Ace American raise an issue of choice of law, plaintiffs are entitled to discovery related to that issue, as well as discovery concerning the insurance contract language at issue in the various policies. Consequently, I grant and deny National Union's motions for protective orders and will require National Union to provide the discovery suggested by plaintiffs, as follows:

1.    National Union's request to strike plaintiffs' Rule 30(b)(6) deposition is denied. Within 30 days of this order, National Union shall identify its corporate designee(s) for the deposition.

2.    Plaintiffs' request for discovery relating to reserves is denied.

3.    Discovery relating to the development of National Union's policy forms and the specific provisions upon which it relies in this case is limited to the following provisions:

3 - ORDER

      a.      The definition of "occurrence;"

      b.      The "expected or intended" injury exclusion;

      c.      The Professional Liability Exclusion Endorsement;

      d.      The Medical Professional Services Exclusion Endorsement;

      e.      The Patient Liability Exclusion Endorsement; and

      f.      The Claims Reporting Amendment Endorsement.

4.      Discovery relating to the process for calculating the number of "occurrences" in cases of multiple sexual assaults shall be limited to documents and testimony applicable to the National Union Policy at issue in this case or similar National Union policies issued within the past five years.

5.      Discovery relating to Oregon lawsuits in which National Union has taken a position on the definition of an "occurrence" in cases involving multiple assaults shall be limited to lawsuits within the past five years.

6.      Discovery relating to National Union's affirmative defenses shall be limited to the extent that plaintiffs may not inquire about or seek information concerning the advice or opinions of National Union's counsel.

The parties shall have 60 days from the date of this order to complete discovery, including all depositions.

The parties are ordered to cooperate in the above discovery. If this court determines that any party is intentionally not cooperating or otherwise is proceeding in bad faith, I will impose serious sanctions.

With respect to choice of law, the parties should further review the choice of law analysis

utilized in Oregon, which is the law I will apply in deciding the choice of law issue. See, e.g., the

discussions in Spirit Partners, LP v. Stoel Rives LLP, 212 Or.App. 295, 157 P.3d 1194 (Or. App.

2007); and Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc., 182

Or.App. 347, 49 P.3d 803 (Or. App. 2002).

In summary, National Union's motions for protective order (## 55, 68) are granted and

denied as set forth above.  Plaintiffs' motion to continue summary judgment (# 79) is granted and

I will defer both motions for summary judgment (## 56, 110) and any further briefing on those

motions until completion of discovery.  Plaintiffs' motion to strike (# 104) is moot.

IT IS SO ORDERED.

DATED this 9th day of August, 2010.


_____
ROBERT E. JONES
U.S. District Judge

5 - ORDER