FILED'10 DEC 23 15:01 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AMERICAN MEDICAL RESPONSE NORTHWEST, INC.; ET AL., | ) ) ) | Civil No. 09-1196-JO |
| Plaintiffs, | ) ) | |
| v. | ) ) | OPINION AND ORDER |
| ACE AMERICAN INSURANCE COMPANY; ET AL., | ) ) ) ) | |
| Defendants. | ) | |

Michael E. Farnell
James L. Guse
PARSONS FARNELL & GREIN, LLP
1030 S.W. Morrison
Portland, OR 97205

Michael H. Ginsberg
Lauren E. Marzullo
Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219

  Attorneys for Plaintiffs

    Robert A. Meyers
    Thomas M. Jones
    William F. Knowles
    COZEN O'CONNOR
    1201 Third Avenue, Suite 5200
    Seattle, WA  98101

    Jenny M. Churas
    Stephen G. Skinner
    JOHNSON ANDREWS & SKINNER PS
    200 W. Thomas Street, Suite 500
    Seattle, WA  98119

    Lee S. Aronson
    SCHULTE ANDERSON DOWNES ARONSON BITTNER, PC
    811 S.W. Naito Parkway, Suite 500
    Portland, OR  97204-3379

    Attorneys for Defendants

JONES, Judge:

This case is before the court on plaintiffs' Motion to Compel (# 117), filed in September 2010, together with the parties' status reports concerning their efforts to resolve the discovery issues among themselves. The parties' filings reveal that they have reached an impasse.

On August 9, 2010, I entered an Order (# 115) designed to resolve the parties' numerous discovery disputes and "move the litigation along." Order, p. 2. Now, four months later, I am again called upon to delve into plaintiffs' and defendant National Union's ongoing discovery dispute; meanwhile, the litigation is as stalled as it was in August.

In the August 9, 2010, Order, I required National Union, within 30 days, to identify a corporate designee for the Rule 30(b)(6) deposition plaintiffs had requested. I also gave the parties 60 days, until October 8, 2010, in which to complete discovery. National Union produced some documents in mid-September and supplemental discovery responses in late September. For

whatever reason,[1] the Rule 30(b)(6) deposition did not take place until October 4, 2010, a mere four days before the end of the discovery period.

According to plaintiffs, during the deposition National Union's designee, Stafford Hay, testified that the Patient Injury Exclusion Endorsement, one of the subjects of my August 9 Order, is a manuscript endorsement that National Union drafted and modeled after a similar endorsement used in a commercial umbrella policy issued in the past to Laidlaw International Inc., plaintiff American Medical Response, Inc.'s previous owner. Declaration of Michael Ginsberg in Support of Status Report (# 137), ¶ 3. Hay also described what he referred to as National Union's "underwriting workbench," an online database of policy forms and provisions that contains endorsements approved by every state in which National Union conducts business. Declaration of Michael Ginsberg in Support of Reply (# 152), Exh. A, pp. 17-18. Hay testified that while no sections in the database deal with ambulance operations, there is a section that deals with professional liability. Id.

Meanwhile, before the deposition plaintiffs filed the pending motion to compel. Because the parties represented that they might resolve the issues raised in the motion, I asked for a status report on their progress. Following the October 4, 2010, deposition, plaintiffs also served National Union with Second and Third Requests for Production. Reviewing all of the filings, including the status reports, it appears that plaintiffs now seek documents in three categories: (1) copies of all Laidlaw policies under which plaintiffs or EmCare were insured and that contain provisions similar to the key provisions in this case, together with the related drafting histories;

---

[1] The parties dispute the reason, but resolving that issue will not advance resolution of the present discovery stalemate.

3 - OPINION AND ORDER

(2) Oregon and Colorado underwriting workbench subsections for provisions similar to the key provisions in this case; and (3) documents pertaining to the negotiation and/or underwriting of potential umbrella liability coverage for Emergency Medical Services Corp. ("EMSC") for the 2006-2007 policy year.

National Union objects to producing the above information, primarily arguing that plaintiffs' Second and Third Requests for Production are untimely. I have considered National Union's timeliness argument, and reject it. Plaintiffs' second and third document requests fit within their original request for production, and National Union has a continuing obligation to supplement its response to that original request. See Fed. R. Civ. P. 26(e).

I conclude, however, that to the extent documents exist that are responsive to plaintiffs' requests, as described in their motion to compel, their status report, and their Second and Third Requests for Production, the requests are too broad. With respect to Hays' testimony concerning the policy provisions modeled after the Laidlaw provisions, Hays mentioned only the patient injury endorsement. Further, his testimony concerning the underwriting workbench shows that the only provision that conceivably might be relevant is the professional liability section of the workbench.

Consequently, I grant plaintiffs' motion to compel (#117) in part and deny it in part as follows. Within 30 days of the date of this order, National Union shall either produce the following documents to plaintiffs, or state in writing that the described documents do not exist:

    1.    Copies of all Laidlaw policies under which plaintiffs or EmCare were insured and that contain a patient injury exclusion similar to the provision at issue in this case, together with the related drafting (but not underwriting) history;

4 - OPINION AND ORDER

2.      Oregon and Colorado underwriting workbench subsections pertaining to professional liability; and

3.      Documents pertaining to the negotiation and/or underwriting of potential umbrella liability coverage for EMSC for the 2006-2007 policy year.

My intention in issuing this order is to put an end to the discovery in this action and permit the parties and the court to move to the merits as presented in the various pending motions for summary judgment. Plaintiffs' request for sanctions is denied. In due course, the court will issue a briefing schedule for the pending summary judgment motions.

IT IS SO ORDERED.

DATED this 23rd day of December, 2010.

_____
ROBERT E. JONES
U.S. District Judge

5 - OPINION AND ORDER