IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| AMERICAN MEDICAL RESPONSE NORTHWEST, INC., AMERICAN MEDICAL RESPONSE, INC., | ) ) ) ) | Case No. 3:09-cv-01196-JO |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | OPINION AND ORDER ON REMAND |
| ACE AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

JONES, J:

Plaintiffs American Medical Response, Inc., and American Medical Response Northwest,

Inc. (collectively "AMR"), ambulance service providers, bring this action against two insurers,

defendants ACE American Insurance Company ("ACE") and National Union Fire Insurance

Company ("National Union"), alleging claims for declaratory relief and breach of insurance

contract. The litigation arises out of defendants' denial of coverage to AMR in connection with

fourteen underlying state court actions against plaintiffs, all involving allegations that an

employee of AMR, Lannie Haszard, inappropriately touched or sexually abused female

ambulance passengers during ambulance transport. I granted summary judgment in favor of

ACE and National Union and AMR appealed the ruling. The Ninth Circuit Court of Appeals

reversed and remanded the case in a memorandum opinion filed on May 15, 2013, and directed

1 Opinion and Order on Remand

the district court to look at the allegations in each of the fourteen underlying third-party complaints and at the 1998 jury verdict and determine, in accordance with its opinion, whether coverage applies.

On remand, I requested AMR provide me with copies of the complaints in the fourteen underlying cases, the jury verdict in the lone case that went to trial, and a brief statement as to the present status of each of the cases. (#198) Given the information AMR submitted, the cases separate into four distinct categories: (1) the case that went to trial in which the third-party plaintiff alleged negligence and a violation of the Vulnerable Person Abuse (VPA) statute, where the jury found AMR liable for negligence and for violating the VPA statute, and awarded damages (Herring); (2) cases in which third-party plaintiffs specifically alleged negligence as well as other causes of action, all of which settled out of court (Howard, Robbins, Rotting, Pries, Lucas and Hines); (3) cases in which third-party plaintiffs alleged only a violation of the VPA statute, for which AMR was granted summary judgment and which are now on appeal in the Oregon Court of Appeals (Akre, Shaftel, Asbury, Terpening, Webb, Corning, and Slusher); and (4) a case in which the third-party plaintiff alleged only vicarious liability for battery (Whalen). I review each category of cases in order.

(1) Negligence Alleged and Jury Verdict Reached

Herring alleged, inter alia, negligence and violation of the Vulnerable Abuse Statute in its case against AMR and Haszard. The jury found AMR liable for negligence and awarded $1.75 million in compensatory damages. The jury also found AMR liable for violating the Vulnerable Person Abuse statute and awarded $500,000. The jury did not find AMR liable for punitive damages. Because negligence was alleged in the complaint and because the jury found AMR

liable for negligence, AMR's negligent conduct is a covered "occurrence" within the terms of defendants' policies. Thus, the $1.75 million award, to the extent it exceeds AMR's primary insurance coverage, would be covered by defendants' policies. As to the VPA cause of action, the jury was not asked to decide whether AMR acted negligently and their decision not to award punitive damages could have been for any number of reasons. The VPA claim, like those in the third category discussed below, is stayed pending the Oregon Court of Appeals decision.

### (2)  Negligence Alleged but Settled Out of Court

In this second category of cases, negligence was just one of many causes of action alleged in the complaints. Third-party plaintiffs also sued on the theory of VPA, and in some cases, vicarious liability for battery. All the parties in these cases chose to resolve their disputes through settlement without a legal determination in court as to specific causes of action. The settlement of these cases rendered the asserted causes of action, including any allegations of negligence, legally null. In light of the settlements, the cases in this category are dismissed.

### (3) Vulnerable Person Abuse

In this third category of cases, VPA was the only cause of action alleged by third-party plaintiffs. On June 23, 2011, the Oregon trial court entered summary judgment for AMR in six of these cases. The third-party plaintiffs appealed and their cases are pending in the Oregon Court of Appeals. A seventh case, Slusher, filed in 2013, is being held in abatement awaiting the outcome of the six cases in the Oregon Court of Appeals. The issue on appeal is whether the standard for liability in VPA claims is negligence or intentional conduct. The conclusion

3 Opinion and Order on Remand

reached by the Oregon Court of Appeals will be dispositive of the issue before me.  Therefore, I stay these seven cases pending the decision of the Oregon Court of Appeals.


### (4) Vicarious Liability for Battery

In the final case, Whalen, the only alleged cause of action is that of vicarious liability for battery.  In their Response to the Court's Order (#200), AMR set out their position regarding whether a claim for vicarious liability should be considered a covered occurrence.  In defendants' Objection to Plaintiffs' Response to the Court's Order (#202), defendants requested an opportunity to be heard on this issue, which is granted.  (See briefing schedule below.)


### Conclusion and Briefing Schedule

The $1.75 million award for negligence is a covered occurrence within defendants' policies.  All of the cases that were settled prior to trial are dismissed.  The claims under the VPA statute are stayed pending the Oregon Court of Appeals decision. Twenty-eight (28) days from the date of this opinion, defendants will submit their brief regarding whether a claim for vicarious liability should be considered a covered occurrence.  AMR will then have fourteen (14) days after the defendants brief is filed to respond.



DATED this _23rd_ day of September, 2013



_____
ROBERT E. JONES
U.S. District Judge



4 Opinion and Order on Remand