IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| AMERICAN MEDICAL RESPONSE NORTHWEST, INC., AMERICAN MEDICAL RESPONSE, INC., | ) ) ) ) | Case No. 3:09-cv-01196-JO |
| Plaintiffs, | ) ) ) | OPINION AND ORDER |
| v. | ) ) | |
| ACE AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) ) ) | |
| Defendants. | ) | |

JONES, J:

Following the Ninth Circuit Court of Appeals' decision in this case, I issued an Opinion and Order on Remand. (#204) In that opinion, I set out four categories into which fall the sixteen underlying cases in this action. Following the guidance of the Ninth Circuit Court's opinion, I stayed the category of cases where the third-party plaintiffs alleged a violation of the Vulnerable Person Abuse (VPA) statute pending the outcome of the appeals of those cases in the Oregon Court of Appeals. I dismissed the category of cases that had previously been settled on the ground that this court has no way of knowing the basis or nature of the settlements as the complaints in those cases alleged negligence, battery, and in some instances, a VPA violation as grounds for liability. With regard to the sole case in the third category, the case that went to trial and the jury found defendants to be negligent, I ruled that the $1.75 million award for negligence

1- Opinion and Order

was a covered occurrence. Finally, in the category where battery was the sole cause of action, the Whalen case, defendants requested and I agreed to receive supplemental briefing on the issue whether a claim for battery should be considered a covered occurrence. The parties submitted supplemental briefing and I rule as follows.

Battery

In its opinion, the Ninth Circuit noted that this action arises out of the insurance companies' denial of coverage to AMR in connection with underlying state court actions filed by third-party plaintiffs against AMR and its employee Lannie Haszard. The third-party plaintiffs alleged Haszard improperly touched or sexually abused female ambulance passengers while they were being transported in one of AMR's ambulances. The only allegation in the Whalen case was for a direct cause of action for battery against AMR, not for vicarious liability. The Court stated, "AMR does not seek coverage for any vicarious liability for Haszard's intentional acts." (#196, p. 3) The Court then distinguished the present case from a Colorado case, *Mountain States Casualty Co. v. Hauser*, 221 P.3d 56 (Colo. Ct. App. 2009) noting that the insureds in the Colorado case were sued under a vicarious liability theory and "[t]hat wrinkle is not present in this case. The parties have not pointed to any allegations that AMR is liable under a vicarious liability theory." (#196, p. 6) The additional briefing did not divulge any new information not already considered by the Ninth Circuit. Thus, as this issue has already been considered and decided by the Ninth Circuit, the allegation of battery in the Whalen case is not a covered "occurrence" within the terms of the defendants' excess liability policies.

2- Opinion and Order

### The Herring case

In my prior order, I stated that the $1.75 million awarded in the Herring case, to the extent it exceeds AMR's primary insurance coverage, "would be covered by defendants' policies." (#204, p. 3) The defendants in this case provided excess commercial umbrella liability policies to AMR as follows: ACE during two periods, from February 10, 2005 to February 10, 2006 and from February 10, 2006 to March 31, 2007; and National Union during the period from March 31, 2007 to March 31, 2008. As averred by plaintiff Herring in her complaint, the incident occurred on December 8, 2007. The negligence that occurred in the Herring case occurred during the period of time National Union's policy was in place. The $1.75 million award does not fall under ACE's policies, but does fall under National Union's policy.

### Conclusion

The battery claim in the Whalen case is not a covered "occurrence". The $1.75 million award falls under National Union's policy. I have read all the materials submitted by the parties. I construe the portions of AMR's brief that exceeded the scope of my request for additional briefing to be an untimely motion for reconsideration and deny it on that basis. ACE's motion to strike the additional briefing is dismissed as moot.

DATED this 16th day of December, 2013

ROBERT E. JONES
U.S. District Judge

3- Opinion and Order